HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
8
9   DALLAS BUYERS CLUB, LLC,
                                            CASE NOS. C14-1336RAJ
10              Plaintiff,                             C14-1684RAJ
                                                      C14-1819RAJ
11       v.                                           C14-1926RAJ
                                                      C15-133RAJ
12  DOES 1-10,                                        C15-134RAJ
                                                      C15-576RAJ
13              Defendants.                           C15-579RAJ
                                                      C15-580RAJ
14                                                    C15-581RAJ
                                                      C15-582RAJ
15                                          ORDER

16

## I.  INTRODUCTION

17
      This Matter comes before the Court on Plaintiff Dallas Buyers Club's ("Plaintiff")
18
Motion for Contempt for Failure to Respond to FRCP 45 Subpoena, filed October 22,
19
2015 (Case No. 14-1684RAJ, Dkt. # 25), Motion to Permit Alternative Service or Mail
20
FRCP 45 Service on Nonparty, filed October 22, 2015 (Case No. 14-1926RAJ, Dkt. #
21
37), Motion for Leave to Extend Time to Name Does, filed December 10, 2015 (Case
22
No. 15-576RAJ, Dkt. # 25), and Motion to Permit Alternative or Mail Service on Allegra
23
Rege, filed January 7, 2016 (Case No. 14-1684RAJ, Dkt. # 31).  Plaintiff has filed similar
24
Motions in several of the practically identical cases before the Court.  *See* Case No. 14-
25
1926RAJ, Dkt. # 38; Case No. 15-133RAJ, Dkt. # 22 & 24; Case No. 15-579RAJ, Dkt. #
26

27

28  ORDER – 1

23; Case No. 15-580RAJ, Dkt. # 15; Case No. 15-581RAJ, Dkt. # 14; Case No. 15-582RAJ, Dkt. # 25.

## II.   BACKGROUND

In this case and 12 others filed between July 2014 and April 2015, Plaintiff filed an essentially identical complaint naming between 10 and 39 "John Doe" Defendants who it accuses of infringing its copyright in the motion picture *Dallas Buyers Club* by unlawfully copying or distributing the film using peer-to-peer file sharing networks. These cases have necessitated a high degree of case management.  Consequently, this Court has issued several Orders, either in this case or in a related case, in an effort to streamline and expedite this litigation.

Most pertinent in this series of cases is an Order this Court issued on October 29, 2015.  *See* Case No. 15-576RAJ, Dkt. # 23.  As explained in the Court's prior October 29, 2015 Order, the Court was concerned that none of the cases pending before this Court had seen significant progress since their filing.  *See id.* at 3-4.  To Plaintiff's credit, two more amended complaints have been filed since that Order was entered.  *See* Case No. 14-1819RAJ, Dkt. # 47; Case No. 14-1926RAJ, Dkt. # 43.  Of course, even those complaints still name Doe defendants.

The first series of Motions now before the Court– "renewed" motions for early discovery – stem from the Court's October 29, 2015 Order.  *See* Case No. 15-576RAJ, Dkt. # 23.  There, the Court denied Plaintiff leave to issue subpoenas and ordered Plaintiff to file amended complaints within 60 days.  *See id.* at 8.  For whatever reason, Plaintiff has not done so and has instead renewed its Motion, apparently requesting that the Court reconsider its prior Order.

The second series of Motions before the Court stem from the Court's prior Order issued on July 1, 2014.  *See* Case No. 14-1684RAJ, Dkt. # 24.  There, the Court permitted the Plaintiff to delay filing an amended complaint and to issue subpoenas demanding deposition testimony.  *See id.*  Because the subpoenas either have not been complied with

ORDER – 2

or because effecting service has been problematic, Plaintiff seeks either an order of contempt or leave to pursue other means of service.

Finally, Plaintiff has filed a Motion seeking to serve a named defendant by alternative means.  Case No. 14-1684RAJ, Dkt. # 31.

### III.   DISCUSSION

a.  Motion for Leave to Extend Time

The Court will begin with Plaintiff's Motions filed on December 10, 2015.  These Motions are plainly mere motions for reconsideration – the Court has already entered an Order addressing the same factual and legal grounds for subpoenas pursuant to Federal Rule of Civil Procedure (the "Rules") 45.

Under this Court's rules, "[m]otions for reconsideration are disfavored" and will be denied unless a party can show: (1) "manifest error in a prior ruling," or (2) "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  Plaintiff does not provide either in support of its renewed Motion.  Rather, Plaintiff largely repeats the same legal arguments as it did in its prior motions.  *Compare* Case No. 15-576RAJ, Dkt. # 21-1 *with* Case No. 15-576RAJ, Dkt. # 25.  The "new" evidence Plaintiff presents amounts largely to the opinion of its counsel that an informal or confidential method of resolving these disputes may be more effective.  *See* Case No. 15-576RAJ, Dkt. # 26 (Lowe Decl.) ¶ 5.

None of this amounts to new facts or legal authority.  Moreover, all of this information could have been previously presented to this Court.  Finally, even crediting Plaintiff's updated facts regarding informal resolution of this series of cases, none of this amounts to manifest error.

Motions for reconsideration not only must be based on such grounds, but must also comply with strict procedural rules.  They must be "plainly labeled" – and these Motions are not.  *See* Local Rules W.D. Wash. LCR 7(h)(2).  They must be "filed within

ORDER – 3

fourteen days after the order to which it relates is filed" – which these Motions were not (they were filed 42 days after the October 29, 2015 Order). *Id.* And they must "point out with specificity" the grounds for seeking reconsideration. *Id.* These Motions do not.

Plaintiff may strongly prefer prosecuting its action in the manner it has done thus far, but the Court is not inclined to permit the status quo to proceed. Although there may be advantages to proceeding via Rule 45 subpoenas, so too are there advantages to proceeding by actually naming and serving defendants. In fact, the Court believes that many of the advantages of Rule 45 subpoenas advanced by Plaintiff are shared with naming subscribers as defendants.

First, it is well established that private parties may settle their controversies at any time (*cf. United States v. Trans-Missouri Freight Ass'n*, 166 U.S. 290, 309 (1897)), meaning that the option of informally resolving the issue prior to naming the party as a defendant remains open. If there truly is a "stigma" to being named as a defendant, as Plaintiff contends (*See* Case No. 15-576RAJ, Dkt. # 26 (Lowe Decl.) ¶ 5), then that matter may be addressed between the Parties prior to the filing of an amended complaint.

Second, Plaintiff's argument that a Rule 45 subpoena "ensures that the subscriber is notified of the claim" is nonsensical. Case No. 15-576RAJ, Dkt. # 25 at 3. If Plaintiff names a subscriber as a defendant, it must also serve that defendant with process. *See* Fed. R. Civ. P. 4(c). And "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). If Plaintiff is concerned that mail service is insufficient (*see* Case No. 15-576RAJ, Dkt. # 25 at 3), it will be relieved to know that under both Washington law and the Rules, service may ordinarily be effected by two ways: personal service or abode service (*see* Fed. R. Civ. P. 4(e); RCW 4.28.080(16); *see also Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1034 (D. Haw. 2006) (explaining service of individuals

ORDER – 4

within a judicial district under the Rules); *Scanlan v. Townsend*, 336 P.3d 1155, 1156 (Wash. 2014) (explaining service on individual defendant under Washington law)).

Third, to the extent Plaintiff argues that a Rule 45 carries some sort of increased weight because it requires compliance, so too does a properly served summons. *See* Fed. R. Civ. P. 12(a)(1)(A) (defendant must serve an answer within 21 days after being served with the summons and complaint). And, as Plaintiff already understands (*see* Case No. 14-1153, Dkt. # 46), if a defendant fails to answer within the required time, then Plaintiff can seek entry of default and default judgment (*see* Fed. R. Civ. P. 55).

In fact, Plaintiff admits that it has been able to resolve its claims through settlement when it names individuals as defendants. *See* Case No. 15-576, Dkt. # 25 at 3 ("in fully 43 of the 52 cases where individuals ***were named*** or served . . . DBC was able to resolve its claims").

Nothing Plaintiff has presented changes this Court's view that the proper course should be to file an amended complaint with only named defendants. The Court ultimately based its prior ruling on the fact that "there are significant question as to whether a deposition would be likely, much less *reasonably likely*, to lead to the discovery of the proper defendant." Case No. 15-576, Dkt. # 23 at 6. Plaintiff spends a significant portion of its brief contending that Rule 45 subpoenas are reasonably likely to lead to the resolution of its claims (*see id.* Dkt. # 25 at 9) but Plaintiff already acknowledges that "a significant portion of subscribers are in fact properly named as defendants" (*id.* Dkt. # 25 at 3). To the extent that Plaintiff contends that a Rule 45 deposition has more value than this Court has credited (*see id.* at 10), the Court simply notes that Plaintiff is similarly empowered if a defendant is named and served. In fact, if full discovery were available (i.e., after a Rule 26(f) conference has been held), Plaintiff could take advantage of the multitude of discovery options available to civil litigants. Plaintiff could take depositions (*see* Fed. R. Civ. P. 30), it could issue written interrogatories (*see* Fed. R. Civ. P. 33), or it could request admissions (*see* Fed. R. Civ. P.

ORDER – 5

36), just to give a few examples.  It is hard for this Court to envision how Plaintiff could not identify the proper defendant after pursuing all these options.[1]

Finally, the Court is cognizant of the fact that Plaintiff and others may face "an active community that advises subscribers and defendants to obstruct plaintiff's investigations."  *See* Case No. 15-576, Dkt. # 25 at 10.  But if a "judicial summon that is much more difficult to ignore" is the key to initiating a fruitful resolution of the dispute (*id.* at 11), then naming these recalcitrant individuals as defendants accomplishes the same goal because the summons and complaint must be served upon those defendants.

Accordingly, the Court will **DENY in part** Plaintiff's Motions located at Case No. 15-576RAJ, Dkt. # 25; Case No. 15-579RAJ, Dkt. # 23; Case No. 15-580RAJ, Dkt. # 15; Case No. 15-581RAJ, Dkt. # 14; Case No. 15-582RAJ, Dkt. # 25.  However, because the Court believes that good cause has been established – namely that Plaintiff has diligently sought alternate means of informally resolving this dispute – Plaintiff shall have additional time to serve the still-unnamed Doe defendants.  *See* Fed. R. Civ. P. 4(m).  As such, the Court **GRANTS in part** Plaintiff's Motions.  Plaintiff must file an amended complaint naming all remaining Doe defendants **within thirty (30) days** of this Order.  Plaintiff must serve all of those remaining defendants **within sixty (60) days** of the filing of the amended complaint.  Ultimately, these defendants must be served in a method fully complying with Rule 4.[2]

b. Motion to Permit Alternative or Mail FRCP 45 Service

The Court next turns to two Motions to Permit Alternative or Mail FRCP 45 Service.  *See* Case No. 14-1926RAJ, Dkt. # 37.  In these Motions, Plaintiff requests leave

---

[1] The Court further notes that all of these options would be more cost-effective to Plaintiff than Rule 45 depositions.  Requests for admissions alone could establish whether or not a subscriber was the infringer – and a party's failure to admit or deny such a request within 30 days will deem the matter admitted.  *See* Fed. R. Civ. P. 36(a)(3).

[2] If Plaintiff truly wishes to avoid personally serving the Doe defendants, Rule 4(d) provides for methods of obtaining a waiver of service.  This can be accomplished through first-class mail. *See* Fed. R. Civ. P. 4(d)(1)(G).  Additionally, failure to waive permits the Plaintiff to seek the expenses later incurred in effecting service.  *See id.* 4(d)(2).

ORDER – 6

to serve Rule 45 subpoenas on various Doe defendants through U.S. Mail, UPS, or Federal Express with delivery confirmation. *See id.* at 3.

For the reasons set forth above, and the reasons set forth in its October 29, 2015 Order, the Court believes that the more prudent course is to require that Plaintiff name these Doe defendants in an amended complaint. As such, the Court has reconsidered, and will vacate the portion of its July 1, 2015 Order granting Plaintiff leave to pursue Rule 45 depositions. *See* Case No. 14-1684, Dkt. # 24. The Court has, of course, the inherent power to vacate its own interlocutory orders. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). The Court believes that this is the most prudent course in these cases. Even if Plaintiff has shown that these individuals are actively avoiding personal service of a Rule 45 deposition subpoena, Plaintiff has provided little reason to believe that they will be any more receptive to such a subpoena delivered by mail.

Accordingly, the Court will **DENY** the Motions to Permit Alternative Service or Mail FRCP 45 Service on Nonparty located at Case No. 14-1926RAJ, Dkt. # 37; Case No. 15-133RAJ, Dkt. # 22.

Additionally, the Court will vacate a portion of its July 1, 2015 Order located at Case Nos. 14-1336RAJ, Dkt. # 33; Case No. 14-1684RAJ, Dkt. # 24; Case No. 14-1819RAJ, Dkt. # 36; Case No. 14-1926RAJ, Dkt. # 31; Case No. 15-133RAJ, Dkt. # 16; Case No. 15-134RAJ, Dkt. # 31. Instead, in those same cases, the Court will order that Plaintiff file, **within thirty (30) days** of this Order, an amended complaint with only named defendants. Plaintiff must serve all of those remaining defendants **within sixty (60) days** of the filing of the amended complaint. Those defendants must be served in a method fully complying with Rule 4.

c. Motion for Contempt

As the Court has noted, *supra*, it has vacated the portion of its July 1, 2015 Order permitting Plaintiff to utilize Rule 45 deposition subpoenas. The Court has, based on its

ORDER – 7

review of the record, determined that the most prudent course to managing these cases is to require that Plaintiff name and serve the subscribers as defendants. Ostensibly, after having obtained subpoenaed information from the ISPs in this case, Plaintiff has a good faith belief in the likely identity of the actual defendants in this case.

A party requesting that a court hold another party in contempt must prove by clear and convincing evidence that the alleged contemnor violated a specific order of the court. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). If the party succeeds, the burden shifts to the alleged contemnor to demonstrate that it substantially complied with the order, or complied with a good faith and reasonable interpretation of the order, or was unable to comply with the order. *Id.*; *Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993).

It is this shifting burden that the Court is most concerned with. Even if Plaintiff has proven by clear and convincing evidence that the recipients of the Rule 45 subpoenas have violated this Court's order, those recipients should ordinarily be entitled to demonstrate why they were unable to comply. *See Turay v. Seling*, 108 F. Supp. 2d 1148, 1159 (W.D. Wash. 2000) (citing *Affordable Media*, 179 F.3d at 1239). Here, although Plaintiff has shown that the recipients have received service and notice of the subpoena, it is not clear to the Court that they appreciated the full nature of subpoena or the gravity of their failure to comply. Consequently, these recipients may not have understood their obligations to avoid contempt.

As a result, while this Court is reluctant to ignore what it finds is a clear violation of its Order, it also believes that the best method of compelling compliance is to have Plaintiff actually name the subscriber as a defendant and to serve them with process. Plaintiff has already shown that these individuals have been personally served so personal service of the summons and amended complaint is likely to be successful.

ORDER – 8

Consequently, the Court will **DENY** the Motions for Contempt located at Case No. 14-1684RAJ, Dkt. # 25; Case No. 15-133RAJ, Dkt. # 24.  As this Court has stated, *supra*, Plaintiff must file, **within thirty (30) days** of this Order, an amended complaint with only named defendants.  Plaintiff must serve all of those remaining defendants **within sixty (60) days** of the filing of the amended complaint.

> d. Motion to Permit Alternative or Mail Service on Allegra Rege

The final Motion this Court will address is Plaintiff's Motion to Permit Alternative or Mail Service on Allegra Rege.  Case No. 14-1684RAJ, Dkt. # 31.  The Court will **GRANT** this Motion.  Somewhat of an anomaly, Defendant Allegra Rege ("Ms. Rege") is a named Defendant.  *See* Case No. 14-1684RAJ, Dkt. # 27.  Plaintiff seeks leave to serve Ms. Rege through U.S. Mail or through a special carrier.

Fed. R. Civ. P. 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits.  Washington law permits "[s]ubstitute service by mail or constructive service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005).

Plaintiff has established all these requirements.  Plaintiff has filed a declaration showing that it has attempted to locate and contact Ms. Rege through letters, emails, and personal service, with no success.  *See* Case No. 14-1684RAJ, Dkt. # 32 (Lowe Decl.) ¶ 2.  Certainly, Plaintiff has shown that Ms. Rege was at one point a Washington resident – in fact it plainly appears that she is still a Washington resident.  *See id.* ¶ 5.  Finally, after a summons was issued, Plaintiff attempted to serve Ms. Rege at least seven times, but it appears that she is avoiding service.  *See id.* ¶ 6.

ORDER – 9

Under these facts, the Court believes that substitute service is well warranted. Moreover, Plaintiff has shown that service by mail or special carrier is reasonably calculated to apprise Ms. Rege of this Action, given that there is evidence that Ms. Rege is still a resident at the address where Plaintiff has tried to serve her. *See* Case No. 14-1684RAJ, Dkt. # 32 (Lowe Decl.) ¶ 5.

## IV.   CONCLUSION

With these concerns in mind, the Court **ORDERS** the following:

1) The Court **DENIES in part** and **GRANTS in part** Plaintiff's Motions located at Case No. 15-576RAJ, Dkt. # 25; Case No. 15-579RAJ, Dkt. # 23; Case No. 15-580RAJ, Dkt. # 15; Case No. 15-581RAJ, Dkt. # 14; Case No. 15-582RAJ, Dkt. # 25.

   a. Plaintiff must file an amended complaint naming all remaining Doe defendants **within thirty (30) days** of this Order.

   b. Plaintiff must serve all of those remaining defendants **within sixty (60) days** of the filing of the amended complaint. These defendants must be served in a method fully complying with Rule 4.

2) The Court **VACATES** a portion of its July 1, 2015 Order located at Case Nos. 14-1336RAJ, Dkt. # 33; Case No. 14-1684RAJ, Dkt. # 24; Case No. 14-1819RAJ, Dkt. # 36; Case No. 14-1926RAJ, Dkt. # 31; Case No. 15-133RAJ, Dkt. # 16; Case No. 15-134RAJ, Dkt. # 31.

   a. In these cases, Plaintiff must file, **within thirty (30) days** of this Order, an amended complaint with only named defendants.

   b. Plaintiff must serve all of those remaining defendants **within sixty (60) days** of the filing of the amended complaint. Those defendants must be served in a method fully complying with Rule 4.

3) In all of these cases referenced above, Plaintiff must seek entry of default against any defaulting named defendant within **30 days** after the expiration of

ORDER – 10

the time for the defendant to answer or otherwise respond.  Plaintiff must also seek default judgment or otherwise resolve its claim against a defaulted defendant within **30 days** of the entry of default.

4) The Court **DENIES** the Motions for Contempt located at Case No. 14-1684RAJ, Dkt. # 25; Case No. 15-133RAJ, Dkt. # 24.

5) The Court **GRANTS** Plaintiff's Motion to Permit Alternative or Mail Service on Allegra Rege.  Case No. 14-1684RAJ, Dkt. # 31.

    a.  Plaintiff is permitted to serve Ms. Rege by U.S. Mail or special carrier, such as UPS or Federal Express.


DATED this 11th day of February, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 11